Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS OWNER TRUSTEE OF THE ASPEN HOLDINGS
TRUST, A DELAWARE STATUTORY TRUST,

|  |  |
|---|---|
| Plaintiff, | CERTIFICATE OF MERIT AFFIRMATION PURSUANT TO |
| -against- | CPLR 3012-B AND NINE-X OF THE |
| YUBERKYS FERNANDEZ, | BANKING LAW |
| Defendant(s). | |

-------------------------------------------------------------------------X

Alan Weinreb Esq. pursuant to CPLR §2106 and under the penalties of perjury, affirms as follows:

1.  I am an attorney at law duly licensed to practice in the state of New York and am affiliated with The Margolin & Weinreb Law Group, LLP, the attorneys of record for Plaintiff in the above-captioned mortgage foreclosure action. As such, I am fully aware of the underlying action, as well as the proceedings had herein.

2.  On August 24, 2022, I communicated with the following representative or representatives of Plaintiff, who informed me that he (a) personally reviewed plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the Complaint and any supporting affidavits or affirmations filed with the Court, as well as the accuracy of the notarizations contained in the supporting documents filed therewith.

    Name: Charles John Briseno          Title: Vice President

3.  Based upon my communication with Charles John Briseno, as well as upon my own inspection, review and other reasonable inquiry under the circumstances, including, but not limited to the review of the facts of the case as well as of the underlying note, mortgage and assignments, if any, modification(s), if any and extension and consolidations, if any, I affirm that, to the best of my knowledge, information, and belief, there is a reasonable basis for the commencement

of the within foreclosure action and that the Plaintiff is currently the creditor entitled to enforce the rights of said documents noted above.  A copy of the note, mortgage and assignments, if any, modification(s), if any and extension and consolidations, if any, are annexed hereto.

4.  I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated: October 25, 2022
        Syosset, New York

                                    /s/ Alan H. Weinreb
                                    Alan H. Weinreb, Esq.







# SUFFOLK COUNTY CLERK
## RECORDS OFFICE
## RECORDING PAGE

Type of Instrument: MORTGAGE/MMM        Recorded:    07/24/2007
Number of Pages: 8                      At:          09:29:47 AM
Receipt Number : 07-0067870
MORTGAGE NUMBER: CY033195               LIBER:       M00021572
                                        PAGE:        801

District:          Section:          Block:          Lot:
0200               394.00            07.00           028.000

EXAMINED AND CHARGED AS FOLLOWS

Mortgage Amount:       $67,000.00

Received the Following Fees For Above Instrument

|              |          | Exempt |              |          | Exempt |
|--------------|----------|--------|--------------|----------|--------|
| Page/Filing  | $24.00   | NO     | Handling     | $5.00    | NO     |
| COE          | $5.00    | NO     | NYS SRCHG    | $15.00   | NO     |
| Affidavit    | $0.00    | NO     | Cert.Copies  | $0.00    | NO     |
| RPT          | $30.00   | NO     | SCTM         | $0.00    | NO     |
| Mort.Basic   | $335.00  | NO     | Mort.Addl    | $171.00  | NO     |
| Mort.SplAddl | $0.00    | NO     | Mort.SplAsst | $167.50  | NO     |
|              |          |        | Fees Paid    | $752.50  |        |

MORTGAGE NUMBER: CY033195

## THIS PAGE IS A PART OF THE INSTRUMENT
## THIS IS NOT A BILL

Judith A. Pascale
County Clerk, Suffolk County

Number of pages ___

This document will be public record. Please remove all Social Security Numbers prior to recording.

RECORDED
2007 Jul 24 09:29:47 AM
Judith A. Pascale
CLERK OF
SUFFOLK COUNTY
L M00021572
P 801
CY033195

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |
|---|---|---|

| 3 | FEES | |
|---|---|---|

| | | | |
|---|---|---|---|
| Page / Filing Fee | 24 — | Mortgage Amt. | 67,000 — |
| Handling | 5.00 | 1. Basic Tax | _____ |
| TP-584 | _____ | 2. Additional Tax Sub Total | _____ |
| Notation | _____ | Spec./Assit. or | _____ |
| EA-52 17 (County) | _____ Sub Total _____ | Spec. /Add. | 673 50 |
| EA-5217 (State) | _____ | TOT. MTG. TAX | 673 50 |
| R.P.T.S.A. | 30 — | Dual Town _____ Dual County _____ Held for Appointment _____ | |
| Comm. of Ed. | 5.00 | Transfer Tax | _____ |
| Affidavit | _____ | Mansion Tax | _____ |
| Certified Copy | _____ | The property covered by this mortgage is or will be improved by a one or two family dwelling only. | |
| NYS Surcharge | 15.00 Sub Total _____ | YES _____ or NO _____ | |
| Other | _____ Grand Total 79 — | If NO, see appropriate tax clause on page # _____ of this instrument. | |

| 4 | Dist. | 0200 39400 0700 028000 | 5 | Community Preservation Fund |
|---|---|---|---|---|

Real Property Tax Service Agency Verification

R P T S
R MMA A
18-JUL-07

Consideration Amount $ _____

CPF Tax Due          $ _____

| | |
|---|---|
| Improved | _____ |
| Vacant Land | _____ |
| TD | _____ |
| TD | _____ |
| TD | _____ |

6 Satisfactions/Discharges/Releases List Property Owners Mailing Address

RECORD & RETURN TO:

**US Recordings, Inc.**
**2925 Country Drive**
**St. Paul, MN 55117**
~~1000 Bank~~

Mail to: Judith A. Pascale, Suffolk County Clerk
310 Center Drive, Riverhead, NY 11901
www.suffolkcountyny.gov/clerk

| 7 | Title Company Information |
|---|---|
| | Co. Name |
| | Title # |

| 8 | **Suffolk County Recording & Endorsement Page** |
|---|---|

This page forms part of the attached **MORTGAGE** _____ made
by: (SPECIFY TYPE OF INSTRUMENT)

**YVBERKYS FERNANDEZ** _____

The premises herein is situated in
SUFFOLK COUNTY, NEW YORK.

TO

**NATIONAL CITY BANK** _____

In the TOWN of **BROOKHAVEN**

In the VILLAGE _____

or HAMLET of **SELDEN**

BOXES 6 THRU 8 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

(over)

When recorded return to:

NCB, CLS BRECKSVILLE
DOCUMENTATION, LOCATOR 7120
6750 MILLER ROAD
BRECKSVILLE, OH 44141

*Mortgage tax = $673.50*

*P S 1397A*

———— State of New York ————                    Space Above This Line For Recording Data ————

# MORTGAGE
(With Future Advance Clause)

☒ This is a Credit Line Mortgage as defined in New York Real Property Law section 281. The mortgage contemplates that Lender and Mortgagor will enter into a series of advances or advances, payments and readvances. The aggregate amount at any time outstanding will be as specified in this Security Instrument.

☐ This is a Building Loan Mortgage as defined in New York Lien Law section 2. This Security Instrument is subject to a Building Loan Agreement to be filed in ................................................... County concurrently herewith and is subject to all the provisions of that Building Loan Agreement as if they were fully set forth herein and made a part of this Security Instrument.

1. **DATE AND PARTIES.** The date of this Mortgage (Security Instrument) is June 15, 2007 ............ and the parties, their addresses and tax identification numbers, if required, are as follows:

   MORTGAGOR:

   YUBERKYS ✗ FERNANDEZ   *M.F.*

   9 CONKLIN AVE SELDEN, New York 11784

   ☐ If checked, refer to the attached Addendum incorporated herein, for additional Mortgagors, their signatures and acknowledgments.

   LENDER:
   NATIONAL CITY BANK
   *6750 Miller Road*
   *Brecksville, OH 44141*

2. **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Mortgagor's performance under this Security Instrument, Mortgagor grants, bargains, sells, conveys and mortgages to Lender, with the power of sale, the following described property:

   SEE ATTACHED EXHIBIT

   FERNANDEZ
   MORTGAGEDEED

   013964586304734   XLLH13F

   The property is located in Suffolk ......................................... at .................................................
   (County)
   9 CONKLIN AVE ......................, SELDEN ........................., New York 11784 ...........
   (Address)                              (City)                                (ZIP Code)

   Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, wells, ditches, reservoirs, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

3. **MAXIMUM OBLIGATION LIMIT.** The total amount secured by this Security Instrument at any one time shall not exceed $ ................67,000.00............................. . This limitation of amount does not include interest and other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
   A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(s) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. *(When referencing the debts below it is suggested that you include items such as borrowers' names, note amounts, interest rates, maturity dates, description of building loan contract, etc.)*

   Maturity Date: 6/15/2022



B. All future advances from Lender to Mortgagor or other future obligations of Mortgagor to Lender under any promissory note, contract, guaranty, or other evidence of debt existing now or executed after this Security Instrument whether or not this Security Instrument is specifically referenced. If more than one person signs this Security Instrument, each Mortgagor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Mortgagor, or any one or more Mortgagor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.

C. All obligations Mortgagor owes to Lender, which now exist or may later arise, to the extent not prohibited by law, including, but not limited to, liabilities for overdrafts relating to any deposit account agreement between Mortgagor and Lender.

D. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

This Security Instrument will not secure any other debt if Lender fails to give any required notice of the right of rescission.

5. **PAYMENTS.** Mortgagor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

6. **WARRANTY OF TITLE.** Mortgagor warrants that Mortgagor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to grant, bargain, convey, sell and mortgage the Property, with the power of sale. Mortgagor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **PRIOR SECURITY INTERESTS.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Mortgagor agrees:

   A. To make all payments when due and to perform or comply with all covenants.

   B. To promptly deliver to Lender any notices that Mortgagor receives from the holder.

   C. Not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written consent.

8. **CLAIMS AGAINST TITLE.** Mortgagor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Mortgagor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Mortgagor's payment. Mortgagor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Mortgagor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Mortgagor may have against parties who supply labor or materials to maintain or improve the Property.

9. **DUE ON SALE OR ENCUMBRANCE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable. This covenant shall run with the Property and shall remain in effect until the Secured Debt is paid in full and this Security Instrument is released.

10. **PROPERTY CONDITION, ALTERATIONS AND INSPECTION.** Mortgagor will keep the Property in good condition and make all repairs that are reasonably necessary. Mortgagor shall not commit or allow any waste, impairment, or deterioration of the Property. Mortgagor will keep the Property free of noxious weeds and grasses. Mortgagor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Mortgagor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Mortgagor will notify Lender of all demands, proceedings, claims, and actions against Mortgagor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Mortgagor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Mortgagor will in no way rely on Lender's inspection.

11. **AUTHORITY TO PERFORM.** If Mortgagor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Mortgagor appoints Lender as attorney in fact to sign Mortgagor's name or pay any amount necessary for performance. Lender's right to perform for Mortgagor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's other rights under the law or this Security Instrument. If any construction on the Property is discontinued or not carried on in a reasonable manner, Lender may take all steps necessary to protect Lender's security interest in the Property, including completion of the construction.

12. **ASSIGNMENT OF LEASES AND RENTS.** Mortgagor absolutely, unconditionally, irrevocably and immediately assigns, grants, bargains, conveys and mortgages to Lender all the right, title and interest in the following (all referred to as Property): existing or future leases, subleases, licenses, guaranties and any other written or verbal agreements for the use and occupancy of the Property, including any extensions, renewals, modifications or replacements (all referred to as Leases); and rents, issues and profits (all referred to as Rents). In the event any item listed as Leases or Rents is determined to be personal property, this Assignment will also be regarded as a security agreement. Mortgagor will promptly provide Lender with copies of the Leases and will certify these Leases are true and correct copies. The existing Leases will be provided on execution of the Assignment, and all future Leases and any other information with respect to these Leases will be provided immediately after they are executed.

Lender grants Mortgagor a revocable license to collect, receive, enjoy and use the Rents as long as Mortgagor is not in default. Mortgagor's default automatically and immediately revokes this license. Upon default, Mortgagor will receive any Rents in trust for Lender and Mortgagor will not commingle the Rents with any other funds. When Lender so directs, Mortgagor will endorse and deliver any payments of Rents from the Property to Lender. Mortgagor agrees that Lender will not be considered to be a mortgagee-in-possession by executing this Security Instrument or by collecting or receiving payments on the Secured Debt, but only may become a mortgagee-in-possession after Mortgagor's license to collect, receive, enjoy and use the Rents is revoked by Lender or automatically revoked on Mortgagor's default, and Lender takes actual possession of the Property. Consequently, until Lender takes actual possession of the Property, Lender is not obligated to perform or discharge any obligation of Mortgagor under the Leases, appear in or defend any action or proceeding relating to the Rents, the Leases or the Property, or be liable in any way for any injury or damage to any person or property sustained in or about the Property. Mortgagor agrees that this Security Instrument is immediately effective between Mortgagor and Lender and effective as to third parties on the recording of this Assignment. As long as this Assignment is in effect, Mortgagor warrants and represents that no default exists under the Leases, and the parties subject to the Leases have not violated any applicable law on leases, licenses and landlords and tenants.

13. **LEASEHOLDS; CONDOMINIUMS; PLANNED UNIT DEVELOPMENTS.** Mortgagor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Mortgagor will perform all of Mortgagor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

14. **DEFAULT.** Mortgagor will be in default if any party obligated on the Secured Debt fails to make payment when due. Mortgagor will be in default if a breach occurs under the terms of this Security Instrument or any other document executed for the purpose of creating, securing or guarantying the Secured Debt. Any action or inaction by Mortgagor which significantly impairs Lender's security interest in the Property will also be an event of default.

15. **REMEDIES ON DEFAULT.** In some instances, federal and state law will require Lender to provide Mortgagor with notice of the right to cure or other notices and may establish time schedules for foreclosure actions. Subject to these limitations, if any, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Mortgagor is in default.

At the option of Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter. In addition, Lender shall be entitled to all the remedies provided by law, the terms of the Secured Debt, this Security Instrument and any related documents.

If there is a default, Lender may, in addition to any other permitted remedy, advertise and sell the Property as a whole or in separate parcels at public auction to the highest bidder.

All remedies are distinct, cumulative and not exclusive, and the Lender is entitled to all remedies provided at law or equity, whether or not expressly set forth. The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Mortgagor's default, Lender does not waive Lender's right to later consider the event a default if it continues or happens again.

16. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** Except when prohibited by law, Mortgagor agrees to pay all of Lender's expenses if Mortgagor breaches any covenant in this Security Instrument. Mortgagor will also pay on demand any amount incurred by Lender for insuring, inspecting, preserving or otherwise protecting the Property and Lender's security interest. These expenses will bear interest from the date of the payment until paid in full at the highest interest rate in effect as provided in the terms of the Secured Debt. Mortgagor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, reasonable attorneys' fees not in excess of 15% of the unpaid debt if the loan is referred for collection to an attorney who is not a salaried employee of the Lender, court costs, and other legal expenses. This Security Instrument shall remain in effect until released. Mortgagor agrees to pay for any recordation costs of such release.

17. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

Mortgagor represents, warrants and agrees that:

    A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.

    B. Except as previously disclosed and acknowledged in writing to Lender, Mortgagor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.

    C. Mortgagor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Mortgagor shall take all necessary remedial action in accordance with any Environmental Law.

    D. Mortgagor shall immediately notify Lender in writing as soon as Mortgagor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

18. **CONDEMNATION.** Mortgagor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means.

Express © 1995, 1997 Bankers Systems, Inc., St. Cloud, MN Form RE-MTG-NY 12/6/2001

Mortgagor authorizes Lender to intervene in Mortgagor's name in any of the above described actions or claims. Mortgagor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

19. **INSURANCE.** Mortgagor shall keep the Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. What Lender requires pursuant to the preceding sentence can change during the term of the loan. The insurance carrier providing the insurance shall be chosen by Mortgagor subject to Lender's approval, which shall not be unreasonably withheld. If Mortgagor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Mortgagor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Mortgagor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Mortgagor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Mortgagor.

Unless otherwise agreed in writing, all insurance proceeds shall be applied to restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of scheduled payment nor change the amount of any payment. Any excess will be paid to the Mortgagor. If the Property is acquired by Lender, Mortgagor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

20. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Mortgagor will not be required to pay to Lender funds for taxes and insurance in escrow.

21. **FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Mortgagor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Mortgagor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Mortgagor's obligations under this Security Instrument and Lender's lien status on the Property.

22. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Mortgagor signs this Security Instrument but does not sign an evidence of debt, Mortgagor does so only to mortgage Mortgagor's interest in the Property to secure payment of the Secured Debt and Mortgagor does not agree to be personally liable on the Secured Debt. If this Security Instrument secures a guaranty between Lender and Mortgagor, Mortgagor agrees to waive any rights that may prevent Lender from bringing any action or claim against Mortgagor or any party indebted under the obligation. These rights may include, but are not limited to, any anti-deficiency or one-action laws. Mortgagor agrees that Lender and any party to this Security Instrument may extend, modify or make any change in the terms of this Security Instrument or any evidence of debt without Mortgagor's consent. Such a change will not release Mortgagor from the terms of this Security Instrument. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Mortgagor and Lender.

23. **APPLICABLE LAW; SEVERABILITY; INTERPRETATION.** This Security Instrument is governed by the laws of the jurisdiction in which Lender is located, except to the extent otherwise required by the laws of the jurisdiction where the Property is located. This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.

24. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one mortgagor will be deemed to be notice to all mortgagors.

25. **AGREEMENTS ABOUT NEW YORK LIEN LAW.** Mortgagor will receive all amounts lent to Mortgagor by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Security Instrument is recorded in the proper official records, construction or other work on any building or other improvement located on the property has not been completed, or the time period for filing a notice of lien under section 10 of the New York Lien Law has not expired, Mortgagor will: (A) hold all amounts which Mortgagor receives and which Mortgagor has a right to receive from Lender under the note as a "trust fund"; and (B) use those amounts to pay for that construction or the work or materials and supplies used for that construction or work before Mortgagor uses them for any other purpose. The fact that Mortgagor is holding those amounts as a "trust fund" means that Mortgagor has a special responsibility under the law to use the amounts in the manner described in this section.

*Experte* © 1995, 1997 Bankers Systems, Inc., St. Cloud, MN Form RE-MTG-NY 12/6/2001

26. **OTHER TERMS.** If checked, the following are applicable to this Security Instrument:

☒ The Property covered by this Mortgage is or will be improved by a one or two family residence or dwelling.

☐ The Property covered by this Mortgage ☐ is ☐ is not real property improved by one or more structures containing in the aggregate not more than six residential dwelling units, each with separate cooking facilities.

☐ Construction Loan. This Security Instrument secures an obligation incurred for the construction of an improvement on the Property.

☐ Fixture Filing. Mortgagor grants to Lender a security interest in all goods that Mortgagor owns now or in the future and that are or will become fixtures related to the Property. This Security Instrument suffices as a financing statement and any carbon, photographic or other reproduction may be filed of record for purposes of Article 9 of the Uniform Commercial Code.

☐ Separate Assignment. A separate assignment of leases and rents has been executed by the Mortgagor. The section in this Security Instrument titled Assignment of Leases and Rents is superseded and is of no effect.

☐ Riders. The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument. [Check all applicable boxes]

    ☐ Condominium Rider          ☐ Planned Unit Development Rider
                                            ☐ Other ..........................................................

☐ Additional Terms.

Prepared by:
ALECIA PARKIN, National City Bank
6750 Miller Road, Brecksville, OH 44141

DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.

**SIGNATURES:** By signing below, Mortgagor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Mortgagor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

| (Signature) | (Date) | (Signature) | (Date) |
|---|---|---|---|
| *Yuberkys Fernandez* | 6/15/07 | | |
| (Signature) YUBERKYS X FERNANDEZ | (Date) | (Signature) | (Date) |

ACKNOWLEDGMENT:

STATE OF ..New York............................, COUNTY OF ..Suffolk............} ss.

On the ........15th.............. day of ..July,.................. in the year ..2007............ before me, the undersigned, personally appeared ..Yuberkys Fernandez.........................................................

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

My commission expires: 8/4/07

Notary Public - State of New York

STANLEY PAPPACHAN
Notary Public, State of New York
No. 02PA6056760
Qualified in Queens County
Commission Expires 08/04/2007

# SIGNATURE ADDENDUM TO SECURITY INSTRUMENT

Definition: "Security Instrument." The Deed of Trust, Mortgage, Trust Deed, Deed to Secure Debt or Security
Deed given to secure the debt to the Lender of the same date.

Mortgagor(s)/Borrower(s) on Security Instrument:

YUBERKYS X FERNANDEZ

Property Address:

9 CONKLIN AVE
SELDEN New York 11784

Lender:      National City Bank

Lender Reference Number: 0005618165

**ADDITIONAL SIGNATURES:** By signing below, Grantor(s) / Mortgagor(s) / Trustor(s) / Settlor(s) agrees to
the terms and covenants contained in the Security Instrument and in any attachments. Grantors(s) / Mortgagor(s)
/ Trustor(s) / Settlor(s) also acknowledges receipt of a copy of the Security Instrument.

NON-APPLICANT SPOUSE, OR NON-APPLICANT
INDIVIDUAL WITH OWNERSHIP INTEREST IN PROPERTY: ADDITIONAL BORROWERS

Yuberkys Fernandez

| | |
|---|---|
| 6/15/07 | |
| Date | Date |
| | |
| Date | Date |
| | |
| Date | |

**ACKNOWLEDGMENT:**

STATE OF _New York_ , COUNTY OF _Suffolk_ }ss.

On this _15th_ day of _June, 2007_ before me _Stanley Pappachan_
a notary public, personally appeared _Yuberkys Fernandez_

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/here/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal:

STANLEY PAPPACHAN
Notary Public, State of New York
No. 02PA6056760
Qualified in Queens County
Commission Expires 08/04/2007

(seal)

Signature

Name (typed or printed):

My commission expires: 8/4/07

SIGNADD1 (4/2006)

## SCHEDULE A

ALL THAT CERTAIN PLOT PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWN OF BROOKHAVEN, COUNTY OF SUFFOLK AND STATE OF NEW YORK KNOWN AND DESIGNATED AS PART OF LOTS NOS. 483-489 AND PART OF BOND STREET (ABANDONED), ON A CERTAIN MAP ENTITLED, "MAP OF NORTON PARK, SECTION 5", AND FILED IN THE OFFICE OF THE CLERK OF THE COUNTY OF SUFFOLK ON DECEMBER 14, 1906 AS MAP NO. 517, BEING MORE PARTICULARLY BOUNDED AND DESCRIBED BELOW; BEGINNING AT A POINT ON THE EASTERLY SIDE OF CONKLIN AVENUE SAID POINT BEING ALSO DISTANT 180.15 FEET NORTHERLY AS MEASURED ALONG THE EASTERLY SIDE OF CONKLIN AVENUE WITH THE NORTHERLY SIDE OF COURT STREET; RUNNING THENCE FROM SAID POINT OR PLACE OF BEGINNING ALONG THE EASTERLY SIDE OF CONKLIN AVENUE NORTH 06 DEGREES 06 MINUTES 03 SECONDS WEST, 100.07 FEET ACTUAL (100.00 FOOT MAP); THENCE NORTH 83 DEGREES 55 MINUTES 21 SECONDS EAST, 151.00 FEET; THENCE SOUTH 06 DEGREES 06 MINUTES 03 SECONDS EAST, 100.07 FEET ACTUAL (100.0 FEET MAP); THENCE SOUTH 83 DEGREES 55 MINUTES 21 SECONDS WEST 151.00 FEET TO THE EASTERLY SIDE OF CONKLIN AVENUE TO THE POINT OR PLACE OF BEGINNING.

insure

MORTGAGEDEED_A

013964566304734

U40003016-01PN08
MORTGAGE
LOAN# PSS1397A
US Recordings

National City®

# FIXED RATE CONSUMER NOTE AND SECURITY AGREEMENT – National Home Equity
### (Not to be Used for Texas Homestead Loans Unless Purchase Money or Refinance of Purchase Money)

1.  **DEBTOR(S)**  YUBERKYS X FERNANDEZ          Date  6/15/2007

    Address      9 CONKLIN AVE
                 SELDEN, New York 11784

2.      **DEFINITIONS AND GENERAL TERMS.** "You" or "your" means the undersigned Debtors. "We", "our" or "us" means National City Bank, 6750 Miller Road, Brecksville, Ohio 44141, and its successors and assigns. "Note" means this promissory note and security agreement and all related attachments and addenda. "Loan" means the loan evidenced by this Note. "Disclosure Statement" means the separate federal truth-in-lending disclosure statement of even date provided to you, the terms of which are incorporated by reference in this Note. Disclosures in the Disclosure Statement are contract terms. You agree that we are making this Loan directly to you. The Section headings of this Note are a table of contents and not contract terms.

3.      **PROMISSORY NOTE.** For value received, you, intending to be legally bound, jointly and severally promise to pay to our order the principal sum of $   67,000.00   , which includes a prepaid finance charge of $   803.00   , plus interest from the date of this Note on the principal sum outstanding and other sums owed under this Note at the per annum rate of   9.625   %, payable as described in the payment schedule in the Disclosure Statement. You agree that all past due and unpaid charges owed, including past due interest, may be capitalized and earn interest by adding them to the principal balance of this Note. Interest will be computed on a simple interest basis based upon a 365-day year, but calculated on actual days. Accordingly, your payment history could affect the amount you will pay under this Note.

4.      **PROPERTY.**   9 CONKLIN AVE
                         SELDEN , New York 11784

5.      **DISBURSEMENT OF PROCEEDS.** You authorize us to disburse all proceeds of this Loan by check, draft, electronic transfer or in such other form or manner as we choose in our sole discretion.

6.      **LATE CHARGE; RETURNED INSTRUMENT CHARGE; DEFERRAL CHARGE; DOCUMENT REQUEST CHARGE.** If all or any portion of any monthly payment is not received within 10 days after it is due and we do not accelerate the entire balance owing under this Note, you agree to pay a late charge. This late charge will be the greater of 10% of the unpaid monthly payment or $40. If any check, draft, negotiable order of withdrawal, or other similar instrument is returned to us unpaid for any reason, you agree to pay a returned instrument charge. This returned instrument charge will be $25. If we, in our sole discretion, permit you to defer any payment(s) you agree to pay a deferral charge for each payment deferred. If you request copies of any documents related to this Loan, you agree to pay a document request charge for the service of providing copies. This document request charge will be $6 per copy. We will not charge you for documents we are required to provide you by law.

7.      **INSURANCE.** You are required to insure the Property until this Loan is paid in full or we sell the Property. You have the risk of loss of the Property and will be responsible for its loss or damage. You agree to obtain primary insurance coverage (including furnishing existing coverage) from any insurer you want that is acceptable to us, provided that the insurer is authorized to do business in the state or jurisdiction where the Property is located or is an eligible surplus lines carrier, in the following types and amounts with us listed as loss payee: (a) fire, "all risk" perils and flood insurance required by law; and (b) all other insurance required by applicable law. You must keep the Property fully insured against loss or damage on terms which are acceptable to us to the extent permitted by law. All insurance proceeds we receive (including a refund of premium) may at our option reduce the indebtedness of this Note or be used to repair or replace the Property. If the Property is destroyed, you must still pay us whatever you owe under this Note. If you fail to maintain the required insurance, we may at our sole option obtain coverages at your expense which we believe are necessary to protect our interests in the Property. You agree to pay the expense of such insurance on demand or agree that we may add such expense to this Loan. You acknowledge that insurance we purchase may cost substantially more than insurance you could purchase. Failure of your insurer to pay a claim, or any part of a claim, will mean you do not have the insurance required by this Note. You also assign to us any other insurance proceeds related to the Note or our interest in the Property. You must promptly provide us with evidence of insurance and proof of payment of insurance premiums upon our request, and all policies must provide us with a minimum of 10 days prior notice of cancellation or material change in coverage. Our mailing address for purposes of this Section is: P.O. Box 91596, Cleveland, OH 44101-0351. You irrevocably authorize us as your agent and on your behalf, which authorization will survive your incompetence, to negotiate, settle and release any claim under your insurance or under any insurance with a third party insurer related to the Property, and to receive and sign all related papers and documents on your behalf including, checks, drafts and other items payable to you.

8.      **PREPAYMENT.** You may voluntarily prepay the principal sum of this Note in part at any time. If you voluntarily prepay the principal sum of this Note in full, you agree to pay a voluntary prepayment charge which will be equal to the greater of   0   % of the principal balance at the time of prepayment or $   0.00   . You will only be charged this voluntary prepayment charge during the first   0   months of this Note. If we accelerate the entire balance owing under this Note due to your default, you agree to pay an involuntary prepayment charge which will be equal to $150.00. No portion of the prepaid finance charge described in Section 3 will be refunded. Subject to Section 3, you authorize us to apply all prepaid sums to the indebtedness of this Note in any manner we elect.

9.      **SECURITY AGREEMENT.** To the extent permitted by law you grant us a security interest and waive all applicable property exemptions and homestead rights (unless the Property is located in Texas) in the following property to secure performance of your obligations under this Note and (except for the Property if it is a principal residence) your obligations under any other agreement with us or our affiliates: (a) the Property including all equipment, parts, accessories and personal property which is a fixture of the Property except "household goods" as defined by 12 C.F.R. 227.12(d) unless purchased with the proceeds of this Loan. If we have a prior lien on your principal residence as security for future obligations, we waive such security as to this Note only; (b) proceeds and unearned premiums of any Property insurance; (c) all of your deposit accounts with us or our affiliates (except individual retirement accounts); and (d) substitutions, replacements, products and proceeds of the foregoing. Our security interest will be a purchase money security interest if any of the foregoing are purchased with the proceeds of this Loan. You agree that we are not a fiduciary with respect to our security interest. You further agree that we may at any time apply proceeds and unearned premiums and refunds of any Property insurance to reduce the indebtedness of this Note, even if you are not in default. Upon our request, you will deliver any documents that are necessary for us to perfect our security interest. You will defend at your expense our security interest in the Property. To the extent permitted by law, you agree to pay all actual costs imposed to release our interests in the Property.

10.     **PROPERTY MAINTENANCE AND USE.** You will promptly pay all fees, fines, and taxes related to this Loan and the Property. You will maintain the Property in good condition except for ordinary wear and tear, and keep it free from all liens, encumbrances, fines and adverse claims. You will make all needed repairs. You will not make any changes to the Property that will decrease its value or decrease its functionality without our prior written consent. You will permit us to inspect the Property at a time which is reasonably convenient. If you do not do any of the foregoing, we may do so at our sole option and add the costs to this Loan or require you to provide us with additional collateral. You will not use, or permit others to use, the Property: (a) in violation of any law; (b) contrary to the provisions of any insurance policies covering the Property or in a manner that would invalidate any warranty or (c) for any business, commercial or agricultural purpose unless this Loan is explicitly for such a purpose.

NHEFRN1 (07/03)

FRNOTE-MULTI-V1_1



11).    DEFAULT AND REMEDIES. You will be in default under this Note if: (a) you fail to make any payment or pay other amount owing under this Note when due; (b) you fail to keep any of your agreements under this Note or under any other agreement with us or our affiliates; (c) a bankruptcy petition is filed by or against you; (d) you have provided false or misleading information to us; (e) you die or are declared incompetent or incapacitated (f) the Property or any other property for which we or our affiliates possess a security interest is lost, stolen, destroyed, determined by us to be uninsurable for any reason, seized, impounded or threatened with, or subject to, levy, attachment, condemnation, forfeiture or other administrative or judicial proceedings; or (g) you are in default on any obligation that is secured by a lien on the Property. If you are in default, in addition to any other rights and remedies we have under law and subject to any right you may have to cure your default, we may do any of the following: (aa) accelerate the entire balance owing under this Note after any demand or notice which is required by law, which entire balance will be immediately due and payable. You will pay us interest on this balance at the rate set forth in this Note including after default and acceleration and after any judgment; (bb) demand that you vacate the Property and make it available to us at a time which is reasonably convenient. You agree to comply with such demand; (cc) sell, lease, or otherwise dispose of the Property. Our disposal of the Property will not release you from any of your obligations and you will pay us any balance owing under this Note; (dd) recover all expenses related to retaking, holding, preparing for sale and selling the Property and reasonable collection costs, attorneys' fees (unless you are a resident of New Hampshire, in which case we may not recover our attorneys' fees from you) and legal expenses as permitted by 11 U.S.C. 506 and applicable state law; and/or (ee) setoff any of your deposit accounts with us or our affiliates (except individual retirement accounts) without demand or notice.

12.    PROPERTY CONDITION. You agree that with respect to any Property: (a) it is free from all material defects, in proper operating order and fit for all intended purposes; (b) that our making this Loan was based in part upon the value and condition of them as represented by you; (c) we did not directly or indirectly offer, sell or provide it to you; and (d) we are not a seller, supplier, merchant or warrantor. Accordingly, except for specific rights afforded by state law, any claims relating to the Property, including any defect or warranty related to it, are not our responsibility.

13.    ADDITIONAL AGREEMENTS. You agree that: (a) you may not sell or assign this Note, the Property or any of its benefits or obligations without our prior written consent. We own this Note and may assign this Note or any of its benefits or obligations at any time without your consent; (b) this Note is between you and us and except for successors or assigns as provided by this Note, this Note will not confer any rights upon any third party; (c) our rights and remedies in this Note are not exclusive; (d) we may waive or delay the enforcement of our rights under this Note without waiving or otherwise affecting such rights; (e) the provisions of this Note are only to the extent permitted by applicable law. Any part of this Note which cannot be enforced will be void, but the remaining parts will remain in effect; (f) you waive notice of dishonor, protest, presentment, demand for payment (subject to any right you may have to cure your default), waiver, delay and all other notices or demands in connection with this Note; (g) you waive all defenses relating to impairment of recourse or collateral, and we can change any term of this Note, release any collateral or release any obligor by agreeing with any one party without notifying or releasing any other party; (h) we can correct errors in this Note as provided in 15 U.S.C. 1640 upon notice to you even if they are clerical errors or of account terms and you agree to be bound by such corrections. Upon our request, you will promptly re-execute this Note to correct errors in the Note. You can change any term of this Note only in a writing signed by us; (i) the Note is a national bank located in Ohio and Bank's decision to make this Loan to you was made in Ohio. Therefore, this Note shall be governed by and construed in accordance with (i) Federal laws and regulations including but not limited to 12 USC § 85 and (ii) the laws of Ohio, to the extent Ohio laws are not preempted by federal laws or regulations, and without regard to conflict of law principles; (j) this Note describes all agreements between you and us with respect to the Loan and there are no other agreements. An electronic or optically imaged reproduction of this Note or any other document related to your Loan constitutes an original document and may be relied on in full by all parties to the same extent as an original; (k) except as otherwise required by law, we are authorized to mail any notice or other correspondence to you by first class mail to your last known address indicated on our records; (l) you will provide us with 10 days prior written notice of any change in any information contained in your application including a change in your name or address. Except as otherwise specified, all notices and payments to us must be sent to P.O. Box 5700, Cleveland, OH 44101-0570, or such other place as we may designate. Our failure or delay in providing you billing statements or other payment instructions will not relieve you of your obligations under this Note; (m) all payments must be in lawful money of the United States; (n) if you are a natural person you are competent to enter into this Note and if you are other than a natural person, the person signing on behalf of you represents that they are authorized to enter into and execute this Note; (o) we will not be responsible for any personal items in or on vacated Property. We will make a reasonable effort to return such items to you or have you reclaim them from us provided you notify us within 5 business days of our taking possession and itemize such items. Even if you notify us, you abandon to us any personal items not reclaimed from us within 10 business days of our taking repossession; (p) we may accept late payments or partial payments without losing any of our rights. If your payment is marked with the words "Paid in Full" or similar language, you must send your payment to National City, 6750 Miller Road, Brecksville, Ohio 44141, Locator No. 7107. If your payment is made to any other address, we may accept the payment without losing any of our rights; (q) our application of your payments or other proceeds will be deemed reasonable unless another method is required by law, in which case that method will be deemed reasonable; (r) this Note will be binding and inure to the benefit of you and us and our respective successors and assigns; (s) except as otherwise prohibited by law, Bank may provide to others, including but not limited to, consumer credit reporting agencies, information about our transactions and experiences with you. Also, Bank and its affiliates (collectively "National City") may share with each other all information about you for the purposes, among other things, of evaluating credit applications or offering products and services that National City believes may be of interest to you. Under the Fair Credit Reporting Act there is certain credit information that cannot be shared about you (unless you are a business) if you tell National City by writing to National City Corporation, Attention: Office of Consumer Privacy, P.O. Box 4068, Kalamazoo, MI 49009. You must include your name, address, account number and social security number; (t) the annual IRS Form 1098 will be issued only to the first borrower listed on this Note at origination and the designation of a borrower as first cannot be changed subsequently; (u) we are authorized to sign on your behalf any document required to enforce our interests under this Note; (v) disclosures included in this Note but not required by law are not an admission or waiver of rights by us; (w) all actions under this Note requiring our consent are at our sole discretion, and such consent may be withheld for any reason; (x) our typewritten name in Section 2 will constitute our signature for purposes of this Note; (y) we have an established business relationship with you, and unless otherwise prohibited by law, National City may contact you to offer you products and services that National City thinks may be of interest to you. Such contacts are not unsolicited, and National City may contact you with an automated dialing and announcing device or by fax, email or other form of electronic communication and we may monitor telephone calls with you to assure quality service; (z) you will pay all fees we charge you in connection with this Loan including those indicated on any Good Faith Estimate or HUD1/HUD1A provided in connection with this Loan, which will be nonrefundable to the extent permitted by law; (aa) all amounts owed under this Note will be without regard from valuation and appraisement laws; (bb) if this Loan is not for a consumer purpose or you are not a natural person, you are not entitled to any rights afforded consumers under applicable law or regulations; and (cc) in this Note, the term "affiliates" means current and future affiliates of National City Bank, including, but not limited to, the following National City Corporation subsidiaries: National City Home Loan Services, Inc., First Franklin Financial Corporation, Madison Bank and Trust Company and National City Mortgage Co.

14.    ADDITIONAL NOTICES. The following notices are given by Bank only to the extent not inconsistent with 12 U.S.C. Section 85 and related regulations and opinions, and/or the choice of law provision set forth herein (with respect to which Bank expressly reserves all rights). You acknowledge receipt of the following notices before becoming obligated. For purposes of the immediately following *Notice to Cosigner*, "bank" means us.



# NOTICE TO COSIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can collect this debt from you without first trying to collect from the borrower (and after proper notice to you if you are a "cosigner" as defined by Illinois or Michigan law). The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages (unless you receive wages in North Carolina, Pennsylvania, South Carolina or Texas) etc. If this debt is ever in default, that fact may become a part of *your* credit record. This notice is not the contract that makes you liable for the debt.

## NOTICE TO ALL SIGNERS

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a consumer (credit) reporting agency if you fail to fulfill the terms of your credit obligations. If you believe that we have information about you that is inaccurate or that we have reported or may report to a credit reporting agency information about you that is inaccurate, please notify us of the specific information that you believe is inaccurate by writing to National City, P.O. Box 94982, Cleveland, Ohio 44101, Attn: Credit Bureau Disputes, Locator 7113.

If the Property is located in California: Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of the Property.

If the Property is located in Colorado: The dollar amount of the finance charge disclosed to you for this credit transaction is based upon your payments being received by us on the date payments are due. If your payments are received after the due date, even if received before the date a late fee applies, you may owe additional and substantial money at the end of the credit transaction and there may be little or no reduction of principal. This is due to the accrual of daily interest until a payment is received.

If the Property is located in Florida: Florida Documentary Stamp Tax in the amount required by law has been paid or will be paid directly to the Department of Revenue, and Florida Documentary Stamps have been placed on the taxable instruments as required by Chapter 201, Florida Statutes.

If the Property is located in Iowa (this is a consumer credit transaction) or Kansas: NOTICE TO CONSUMER: 1. Do not sign this paper (agreement) before you read it. 2. You are entitled to a copy of this paper (agreement). 3. You may prepay the unpaid balance at any time and in accordance with law you will not be entitled to receive a refund of unearned charges. 4. If you prepay the unpaid balance, you may have to pay a prepayment penalty.

If the Property is located in Iowa and the principal amount of this Loan exceeds $20,000: IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.

If the Property is located in Maryland: We elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland.

If the Property is located in Minnesota: If the amount of this Loan is $100,000 or more, we elect Minn. Stat. § 334.01.

If the Property is located in Missouri: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

If the Property is located in New York: YOU SHOULD CHECK WITH YOUR LEGAL ADVISOR AND WITH OTHER MORTGAGE LIEN HOLDERS AS TO WHETHER ANY PRIOR LIENS CONTAIN ACCELERATION CLAUSES WHICH WOULD BE ACTIVATED BY A JUNIOR ENCUMBRANCE.

DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.

If the Property is located in North Dakota: THIS OBLIGATION MAY BE THE BASIS FOR A PERSONAL ACTION AGAINST THE PROMISOR OR PROMISORS IN ADDITION TO OTHER REMEDIES ALLOWED BY LAW.

If the Property is located in Oregon: NOTICE TO THE BORROWER: Do not sign this loan agreement before you read it. The loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.

If the Property is located in Texas: THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

If the Property is located in Vermont: NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

If the Property is located in Wisconsin: NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU WILL NOT BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

15.    SIGNATURES. YOU HAVE READ AND AGREE TO ALL PROVISIONS OF THIS NOTE INCLUDING THOSE ON PAGES 1 THROUGH 3 AND IN THE DISCLOSURE STATEMENT WHICH IS INCORPORATED HEREIN BY REFERENCE. (1) DO NOT SIGN THIS NOTE BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN. (2) YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THIS NOTE BEFORE YOU SIGN IT. BY SIGNING THIS NOTE, YOU ACKNOWLEDGE THAT YOU HAVE READ AND RECEIVED A COMPLETED COPY OF THIS ENTIRE NOTE BEFORE SIGNING IT ON THE DATE SHOWN ON PAGE 1. SEE PAGES 1, 2 AND 3 AND THE DISCLOSURE STATEMENT FOR ADDITIONAL IMPORTANT TERMS AND CONDITIONS.

YUBERKYS  X  FERNANDEZ

Type or print name of Debtor

x _____
Debtor's signature

_____
Type or print name of Debtor

X _____
Debtor's signature

_____
Type or print name of Debtor

X _____
Debtor's signature

_____
Type or print name of Debtor

X _____
Debtor's signature

**FOR MICHIGAN GUARANTORS ONLY**: Guaranty Agreement. For value received, you the undersigned guarantors jointly, severally and unconditionally guarantee the payment of all sums owing under this Note when due and the performance by the Debtors of all promises contained in this Note. Upon default, we may proceed against any of you without first proceeding against any Debtor. The liability of each of you will be primary and will not be affected by any settlement, release, extension, renewal or modification of this Note whether or not by operation of law. Each of you voluntarily and knowingly waives all rights to any demands, presentments, notices and defenses of any kind or nature you might have in connection with this Guaranty. Each of you agrees to pay all expenses including reasonable attorneys' fees incurred by us if we have to enforce this Guaranty. Each of you acknowledges that you have read and agree to all terms of this Guaranty, Note and Disclosure Statement prior to signing below.

_____
Type or print name of Guarantor

X _____
Guarantor's signature

_____
Type or print name of Guarantor

X _____
Guarantor's signature

*2004 National City Corporation



FRNOTE-MULTI-V1_4

## ADDENDUM TO PROMISSORY NOTE AND SECURITY AGREEMENT
### (New York Balloon Loan Disclosures)

This Addendum to Promissory Note and Security Agreement ("Addendum") supplements and is incorporated by reference into that certain Promissory Note and Security Agreement ("Contract") of even date between you and us. Terms shall have the meanings described in the Note.

**Please read the following carefully:**

☑ If this box is checked, we will not guarantee refinancing of the loan for additional terms until the principal balance has been repaid. Accordingly:

THE TERM OF THE LOAN IS __15__ YEARS. AS A RESULT, YOU WILL BE REQUIRED TO REPAY THE ENTIRE PRINCIPAL BALANCE AND ANY ACCRUED INTEREST THEN OWING __15__ YEARS FROM THE DATE ON WHICH THE LOAN IS MADE.

THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

ASSUMING THIS LENDER OR ANOTHER LENDER REFINANCES THIS LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE ON THIS LOAN. YOU MAY ALSO HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

The principal amount of your loan which will be due at maturity of the loan or the initial term of the loan (assuming all scheduled principal payments, if any, are made in accordance with the loan contract) will be $ __54,712.28__ .

At least 90 but not more than 120 days before the maturity date of the balloon payment for your loan, you will receive notice of the maturity date.

Debtor acknowledges receipt with all applicable blanks filled in.

YUBERKYS A FERNANDEZ    X_____ Date: 6/15/07
Type or print name of Debtor      Debtor's Signature

_____ X_____ Date:_____
Type or print name of Debtor      Debtor's Signature

_____ X_____ Date:_____
Type or print name of Debtor      Debtor's Signature

_____ X_____ Date:_____
Type or print name of Debtor      Debtor's Signature

NYANC5 (02/2007)

## ALLONGE TO Installment Consumer Loan Security Agreement

PNC Account #:

NCC ID #:

DBI Account #:

Case #

**Allonge to one certain Installment Consumer Loan Security Agreement Dated on or About:** 6/15/2007

and Executed by:      YUBERKYS FERNANDEZ
                      **Primary Debtor**

With a Principal Amount of $     $67,000.00

Debtor Mailing Address:      9 CONKLIN AVE
                             SELDEN, NY 11784

Pay to the order of:      _____
Without Recourse

## PNC Bank N.A., successor by merger to National City Bank

By: _Frances Y King_____
Frances Y. King, Vice President





**SUFFOLK COUNTY CLERK**
**RECORDS OFFICE**
**RECORDING PAGE**

Type of Instrument: ASSIGNMENT OF MORTGAGE     Recorded: 8/23/2021
Number of Pages:     2                          At:        9:29:21 PM
Receipt Number:      21-0151180 *ELECTRONICALLY RECORDED*

LIBER:   M00023316
PAGE:    338

| District: | Section: | Block: | Lot: |
|-----------|----------|--------|------|
| 0200 | 394.00 | 07.00 | 028.000 |

EXAMINED AND CHARGED AS FOLLOWS

Received the Following Fees For Above Instrument

|  |  | Exempt |  |  | Exempt |
|--|--|--------|--|--|--------|
| Page/Filing | $10.00 | NO | Handling | $20.00 | NO |
| COE | $5.00 | NO | NYS SRCHG | $15.00 | NO |
| Notation | $0.50 | NO | Cert.Copies | $0.00 | NO |
| RPT | $200.00 | NO | | | |
| RPT-MTGFEE | $200.00 | NO | Fees Paid | $450.50 | |

**THIS PAGE IS A PART OF THE INSTRUMENT**
**THIS IS NOT A BILL**

Judith A. Pascale
County Clerk, Suffolk County

RECORDED
8/23/2021 9:29:21 PM
JUDITH A. PASCALE
CLERK OF
SUFFOLK COUNTY
L M00023316
P 338

**This document will be public record. Please remove all Social Security Numbers prior to recording.**

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |
|---|---|---|

**3** | FEES

| | | Mortgage Amt. |
|---|---|---|
| Page / Filing Fee | 10.00 | 1. Basic Tax |
| Handling | 20.00 | 2. Additional Tax |
| TP-584 | | Sub Total |
| Notation | 1N    0.50 | Spec./Assit. |
| EA-52 17 (County) | Sub Total    30.50 | or |
| EA-5217 (State) | | Spec. /Add. |
| R.P.T.S.A. | 200.00 | TOT. MTG. TAX |
| Comm. of Ed. | 5.00 | Dual Town _____ Dual County_____ |
| Affidavit | | Held for Appointment _____ |
| Certified Copy | | Transfer Tax |
| NYS Surcharge | 15.00 | Mansion Tax |
| | Sub Total    420.00 | |
| Other | | Grand Total    450.50 |
| RPT-MTGFEE | 200.00 | |

The property covered by this mortgage is or will be improved by a one or two family dwelling only.

YES _____ or NO _____

If NO, see appropriate tax clause on page # _____ of this instrument.

| **4** | Dist. | Section | Block | Lot | **5** | **Community Preservation Fund** |
|---|---|---|---|---|---|---|

Real Property Tax Service Agency Verification

4569697    0200-394.00-07.00-028.000

P T S
R AMA A
7/19/2021

Consideration Amount $ _____

CPF Tax Due    $ _____

Improved _____

Vacant Land _____

TD _____

TD _____

TD _____

**6** Satisfactions/Discharges/Releases List Property Owners Mailing Address
**RECORD & RETURN TO:**

**KC WILSON amp; ASSOCIATES**
**23041 Avenida de la Carlota #230**
**Laguna Hills CA 92653**

Mail to: Judith A. Pascale, Suffolk County Clerk
310 Center Drive, Riverhead, NY 11901
www.suffolkcountyny.gov/clerk

| **7** | **Title Company Information** |
|---|---|
| | Co. Name |
| | Title # |

**8** # Suffolk County Recording & Endorsement Page

This page forms part of the attached **ASSIGNMENT** made by:

(SPECIFY TYPE OF INSTRUMENT)

The premises herein is situated in
SUFFOLK COUNTY, NEW YORK.

TO

In the TOWN of **BROOKHAVEN**

In the VILLAGE

or HAMLET of

BOXES **6** THRU **8** MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

12-0104..10/08kk

(over)

If the document you've just recorded is your <u>SATISFACTION OF MORTGAGE</u>, please be aware of the following:

If a portion of your monthly mortgage payment included your property taxes, *<u>you will now need to contact your local Town Tax Receiver so that you may be billed directly for all future property tax statements.</u>

Local property taxes are payable twice a year: on or before January 10th and on or before May 31st. Failure to make payments in a timely fashion could result in a penalty.

**Please contact your local Town Tax Receiver with any questions regarding property tax payment.**

Babylon Town Receiver of Taxes
200 East Sunrise Highway
North Lindenhurst, N.Y. 11757
(631) 957-3004

Brookhaven Town Receiver of Taxes
One Independence Hill
Farmingville, N.Y. 11738
(631) 451-9009

East Hampton Town Receiver of Taxes
300 Pantigo Place
East Hampton, N.Y. 11937
(631) 324-2770

Huntington Town Receiver of Taxes
100 Main Street
Huntington, N.Y. 11743
(631) 351-3217

Islip Town Receiver of Taxes
40 Nassau Avenue
Islip, N.Y. 11751
(631) 224-5580

Riverhead Town Receiver of Taxes
200 Howell Avenue
Riverhead, N.Y. 11901
(631) 727-3200

Shelter Island Town Receiver of Taxes
Shelter Island Town Hall
Shelter Island, N.Y. 11964
(631) 749-3338

Smithtown Town Receiver of Taxes
99 West Main Street
Smithtown, N.Y. 11787
(631) 360-7610

Southampton Town Receiver of Taxes
116 Hampton Road
Southampton, N.Y. 11968
(631) 283-6514

Southold Town Receiver of Taxes
53095 Main Street
Southold, N.Y. 11971
(631) 765-1803

Sincerely,

*Judith A. Pascale*

Judith A. Pascale
Suffolk County Clerk

Recording Requested By:

Prepared By: PNC Bank N.A.

When recorded mail to:
KC WILSON & ASSOCIATES
2601 MAIN ST, STE 370
IRVINE, CA 92614

Case Nbr:  11273377
Ref Number:  4586304734
Property Address:
**9 CONKLIN AVE**
**SELDEN, NY 11784**
Property Location:

NY6-AM                    9/3/2010                    This space for Recorder's use
NCC ID# 3147 DBI ID# 118198

# ASSIGNMENT OF MORTGAGE

For Value Received, PNC BANK, N.A. SUCCESSOR BY MERGER TO NATIONAL CITY BANK, the undersigned holder of the Mortgage described below (herein "Assignor") whose address is 6750 Miller Road, Brecksville OH 44141 does hereby grant, sell, assign, transfer and convey unto DREAMBUILDER INVESTMENTS, LLC whose address is 30 WALL STREET NEW YORK NY 10005 all beneficial interest under that certain security instrument described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said security instrument.

Original Lender:          **NATIONAL CITY BANK**
Made By:                  **YUBERKYS FERNANDEZ**
Date of Mortgage:        **6/15/2007**
Original Loan Amount:    **$67,000.00**
Section: N/A   Lot: N/A   Block: N/A  07.00
Recorded in Suffolk County, NY on: 7/24/2007, book M00021572, page 801 and instrument number N/A

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

This Mortgage has not been assigned unless otherwise stated below:

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated:
**9/3/2010**

                         PNC BANK, N.A. SUCCESSOR BY MERGER TO
                         NATIONAL CITY BANK

                         By:  _____
                         Angela Venner, President

State of SC, County of **Lexington**

On 9/3/2010, before me, **Michelle B. Wymer**, a Notary Public, personally appeared Angela Venner, President of **PNC BANK, N.A. SUCCESSOR BY MERGER TO NATIONAL CITY BANK** personally known to me, or proved to me on the basis of satisfactory evidence, to be the person(s) whose name(s) is/are subscribed to the within document and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the document the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public: Michelle B. Wymer
My Commission Expires: 7/24/2017

MICHELLE B. WYMER
Notary Public
State of South Carolina
My Commission Expires 07/24/2017





## SUFFOLK COUNTY CLERK
### RECORDS OFFICE
### RECORDING PAGE

Type of Instrument: ASSIGNMENT OF MORTGAGE     Recorded: 8/23/2021
Number of Pages:   5                              At:        9:29:21 PM
Receipt Number:     21-0151181 *ELECTRONICALLY RECORDED*

LIBER:    M00023316
PAGE:     339

District:          Section:          Block:        Lot:
0200             394.00          07.00        028.000
                EXAMINED AND CHARGED AS FOLLOWS

Received the Following Fees For Above Instrument

| | | Exempt | | | Exempt |
|---|---|---|---|---|---|
| Page/Filing | $25.00 | NO | Handling | $20.00 | NO |
| COE | $5.00 | NO | NYS SRCHG | $15.00 | NO |
| Notation | $1.00 | NO | Cert.Copies | $0.00 | NO |
| RPT | $200.00 | NO | | | |
| RPT-MTGFEE | $200.00 | NO | Fees Paid | $466.00 | |

### THIS PAGE IS A PART OF THE INSTRUMENT
### THIS IS NOT A BILL

Judith A. Pascale
County Clerk, Suffolk County

| Number of pages | 5 | | RECORDED<br>8/23/2021 9:29:21 PM<br>JUDITH A. PASCALE<br>CLERK OF<br>SUFFOLK COUNTY<br>L M00023316<br>P 339 |

**This document will be public record. Please remove all Social Security Numbers prior to recording.**

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |
|---|---|---|

| 3 | FEES |
|---|---|

| Page / Filing Fee | 25.00 |
| Handling | 20, 00 |
| TP-584 | |
| Notation | 2N 1.00 |
| EA-52 17 (County) | Sub Total 46.00 |
| EA-5217 (State) | |
| R.P.T.S.A. | 200.00 |
| Comm. of Ed. | 5, 00 |
| Affidavit | |
| Certified Copy | |
| NYS Surcharge | 15, 00 | Sub Total 420.00 |
| Other | Grand Total 466.00 |
| RPT-MTGFEE | 200.00 |

| Mortgage Amt. | |
|---|---|
| 1. Basic Tax | |
| 2. Additional Tax | |
| Sub Total | |
| Spec./Assit. | |
| or | |
| Spec. /Add. | |
| TOT. MTG. TAX | |
| Dual Town _____ Dual County _____ | |
| Held for Appointment _____ | |
| Transfer Tax | |
| Mansion Tax | |

The property covered by this mortgage is or will be improved by a one or two family dwelling only.

YES _____ or NO _____

If NO, see appropriate tax clause on page # _____ of this instrument.

| 4 | Dist. | Section | Block | Lot | 5 | **Community Preservation Fund** |
|---|---|---|---|---|---|---|
| Real Property Tax Service Agency Verification | 4569699 | 0200-394.00-07.00-028.000 | | | | Consideration Amount $ _____ |

P T S R AMA A 7/19/2021

CPF Tax Due $ _____

| 6 | Satisfactions/Discharges/Releases List Property Owners Mailing Address<br>**RECORD & RETURN TO:**<br><br>KC WILSON amp; ASSOCIATES<br>23041 Avenida de la Carlota #230<br>Laguna Hills CA 92653 |

Improved _____
Vacant Land _____
TD _____
TD _____
TD _____

| | Mail to: Judith A. Pascale, Suffolk County Clerk<br>310 Center Drive, Riverhead, NY 11901<br>www.suffolkcountyny.gov/clerk | 7 | **Title Company Information** |
|---|---|---|---|
| | | | Co. Name |
| | | | Title # |

| 8 | **Suffolk County Recording & Endorsement Page** |
|---|---|

This page forms part of the attached **ASSIGNMENT** made by:
(SPECIFY TYPE OF INSTRUMENT)

The premises herein is situated in
SUFFOLK COUNTY, NEW YORK.

TO

In the TOWN of **BROOKHAVEN**

In the VILLAGE

or HAMLET of _____

BOXES 6 THRU 8 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

12-0104, 10/08rk

(over)

If the document you've just recorded is your <u>SATISFACTION OF MORTGAGE</u>, please be aware of the following:

If a portion of your monthly mortgage payment included your property taxes, *<u>you will now need to contact your local Town Tax Receiver so that you may be billed directly for all future property tax statements.</u>

Local property taxes are payable twice a year: on or before January 10th and on or before May 31st. Failure to make payments in a timely fashion could result in a penalty.

**Please contact your local Town Tax Receiver with any questions regarding property tax payment.**

Babylon Town Receiver of Taxes
200 East Sunrise Highway
North Lindenhurst, N.Y. 11757
(631) 957-3004

Brookhaven Town Receiver of Taxes
One Independence Hill
Farmingville, N.Y. 11738
(631) 451-9009

East Hampton Town Receiver of Taxes
300 Pantigo Place
East Hampton, N.Y. 11937
(631) 324-2770

Huntington Town Receiver of Taxes
100 Main Street
Huntington, N.Y. 11743
(631) 351-3217

Islip Town Receiver of Taxes
40 Nassau Avenue
Islip, N.Y. 11751
(631) 224-5580

Riverhead Town Receiver of Taxes
200 Howell Avenue
Riverhead, N.Y. 11901
(631) 727-3200

Shelter Island Town Receiver of Taxes
Shelter Island Town Hall
Shelter Island, N.Y. 11964
(631) 749-3338

Smithtown Town Receiver of Taxes
99 West Main Street
Smithtown, N.Y. 11787
(631) 360-7610

Southampton Town Receiver of Taxes
116 Hampton Road
Southampton, N.Y. 11968
(631) 283-6514

Southold Town Receiver of Taxes
53095 Main Street
Southold, N.Y. 11971
(631) 765-1803

Sincerely,

*Judith A. Pascale*

Judith A. Pascale
Suffolk County Clerk

PREPARED BY: _Marcella Gonzalez_
MARCELLA GONZALEZ
KC WILSON & ASSOCIATES
2601 MAIN ST, STE 370
IRVINE, CA 92614
(949) 418-7559

AFTER RECORDATION RETURN TO:

KC WILSON & ASSOCIATES
2601 MAIN ST, STE 370
IRVINE, CA 92614
(949) 418-7559

## ASSIGNMENT OF MORTGAGE

KNOWN BY ALL MEN BY THESE PRESENTS, THAT
ASSIGNOR:        DREAMBUILDER INVESTMENTS, LLC

ASSIGNOR ADDRESS: **30 WALL STREET**
                               **NEW YORK, NY 10005**

FOR AND IN CONSIDERATION OF THE SUM OF ONE DOLLAR AND OTHER VALUABLE
CONSIDERATION LAWFUL MONEY OF THE UNITED STATES OF AMERICA, AND OTHER GOOD AND
VALUABLE CONSIDERATION, TO IT IN HAND PAID BY:

ASSIGNEE:        **WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL**
                    **CAPACITY BUT SOLELY AS OWNER TRUSTEE OF THE ASPEN**
                    **HOLDINGS TRUST, A DELAWARE STATUTORY TRUST**

ASSIGNEE ADDRESS: **1221 W 103RD STE 108**
                              **KANSAS CITY, MO 64114**

AT OR BEFORE THE ENSEALING AND DELIVERY OF THESE PRESENTS, THE RECEIPT WHEREOF
IS HEREBY ACKNOWLEDGED, HAS GRANTED, BARGAINED, SOLD, ASSIGNED, TRANSFERRED
AND SET OVER, AND BY THESE PRESENTS DOES GRANT, BARGAIN, SELL, ASSIGN, TRANSFER
AND SET OVER UNTO THE SAID ASSIGNEE AND ITS SUCCESSORS AND ASSIGNS ALL THAT
CERTAIN MORTGAGE BEARING THE:

DATED:                                **6/15/07**
MORTGAGE AMOUNT:           **$67,000.00**
MORTGAGOR/BORROWER:      **YUBERKYS FERNANDEZ**
MORTGAGEE/BENEFICIARY:    **NATIONAL CITY BANK**

**RECORDED** IN THE OFFICIAL REAL PROPERTY RECORDS OF **SUFFOLK COUNTY, NEW YORK**
RECORDED:7/24/07 IN BOOK/VOLUME/LIBER:M00021572 PAGE: 801 DOCUMENT: CY033195

PROPERTY SUBJECT TO LIEN: **9 CONKLIN AVE, SELDEN, NY 11784**

SECTION: **394.00** BLOCK: **07.00** LOT: **028.000**

**SEE ATTACHED EXHIBIT "A" FOR LEGAL DESCRIPTION**

**SEE ATTACHED EXHIBIT "B" FOR CHAIN OF ASSIGNMENTS**

**THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENTS OF SECTION 275 OF THE REAL
PROPERTY LAW BECAUSE IT IS AN ASSIGNMENT WITHIN THE SECONDARY MORTGAGE
MARKET.**

TOGETHER WITH THE HEREDITAMENTS, AND PREMISES IN AND BY SAID MORTGAGE
PARTICULARLY DESCRIBED AND GRANTED, OR MENTIONED AND THEREBY INTENDED TO BE
SECURED AND ALL INCIDENTAL OR SUPPLEMENTAL DOCUMENTS, OR INSTRUMENTS, IF ANY,
SECURED OR INTENDED TO BE SECURED THEREBY, AND ALL MONIES DUE AND TO GROW DUE
THEREON, AND ALL ITS ESTATE, RIGHT, TITLE, INTEREST, PROPERTY, CLAIM AND DEMAND IN
AND TO THE SAME.

TO HAVE AND TO HOLD THE SAME UNTO THE SAID ASSIGNEE AND ITS SUCCESSORS AND
ASSIGNS, TO ITS PROPER USE, BENEFIT AND BEHOOVE FOREVER, SUBJECT, NEVERTHELESS,
TO THE EQUITY OF REDEMPTION OF SAID MORTGAGOR IN SAID MORTGAGE NAMED, AND THE
HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS AND ASSIGNS OF SAID MORTGAGOR
THEREIN.

**IN WITNESS WHEREOF, THE SAID ASSIGNOR HAS EXECUTED BY ITS PROPER OFFICER THIS**

DATE:    _5-4-2021_

DREAMBUILDER INVESTMENTS, LLC
BY ASPEN PROPERTIES GROUP, LLC
A MISSOURI LIMITED LIABILITY COMPANY
ITS ATTORNEY-IN-FACT *

BY: _____
NAME: MARC BLUNDEN
TITLE: ASSISTANT SECRETARY
   * POA RECORDED IN SUFFOLK ON 7/8/21
      BK: D00013111 PG: 669

**NOTARY SEE SECOND PAGE TO BE COMPLETED**

STATE OF **CALIFORNIA**) SS:
COUNTY OF **ORANGE**

ON THE ___4ᵗʰ___ DAY OF ___MAY___ IN THE YEAR 2021, BEFORE ME, THE UNDERSIGNED, PERSONALLY APPEARED **MARC BLUNDEN, ASSISTANT SECRETARY**,PERSONALLY KNOWN TO ME OR PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO BE THE INDIVIDUAL WHOSE NAME IS SUBSCRIBED TO THE WITHIN INSTRUMENT AND ACKNOWLEDGED TO ME THAT HE EXECUTED THE SAME IN HIS CAPACITY, AND THAT BY HIS SIGNATURE ON THE INSTRUMENT, THE INDIVIDUAL, OR THE PERSON UPON BEHALF OF WHICH THE INDIVIDUAL ACTED, EXECUTED THE INSTRUMENT.



H. Gonzales
Comm. #2345071
California – Notary Public
Orange County
Comm. Expires Febuary 3, 2025

_____
Signature and office of individual taking
acknowledgement **2/3/2025**

New York 9/19

**EXHIBIT A**
**LEGAL DESCRIPTION**

ALL THAT CERTAIN PLOT PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWN OF BROOKHAVEN, COUNTY OF SUFFOLK AND STATE OF NEW YORK KNOWN AND DESIGNATED AS PART OF LOTS NOS. 483-489 AND PART OF BOND STREET (ABANDONED), ON A CERTAIN MAP ENTITLED, "MAP OF NORTON PARK, SECTION 5", AND FILED IN THE OFFICE OF THE CLERK OF THE COUNTY OF SUFFOLK ON DECEMBER 14, 1906 AS MAP NO. 517, BEING MORE PARTICULARLY BOUNDED AND DESCRIBED BELOW; BEGINNING AT A POINT ON THE EASTERLY SIDE OF CONKLIN AVENUE SAID POINT BEING ALSO DISTANT 180.15 FEET NORTHERLY AS MEASURED ALONG THE EASTERLY SIDE OF CONKLIN AVENUE WITH THE NORTHERLY SIDE OF COURT STREET; RUNNING THENCE FROM SAID POINT OR PLACE OF BEGINNING ALONG THE EASTERLY SIDE OF CONKLIN AVENUE NORTH 06 DEGREES 06 MINUTES 03 SECONDS WEST, 100.07 FEET ACTUAL (100.00 FOOT MAP); THENCE NORTH 83 DEGREES 55 MINUTES 21 SECONDS EAST, 151.00 FEET; THENCE SOUTH 06 DEGREES 06 MINUTES 03 SECONDS EAST, 100.07 FEET ACTUAL (100.0 FEET MAP); THENCE SOUTH 83 DEGREES 55 MINUTES 21 SECONDS WEST 151.00 FEET TO THE EASTERLY SIDE OF CONKLIN AVENUE TO THE POINT OR PLACE OF BEGINNING.

**EXHIBIT B**
**CHAIN OF ASSIGNMENTS**

1- **ASSIGNMENT FROM PNC BANK, NA SUCCESSOR BY MERGER TO NATIONAL CITY BANK TO DREAMBUILDER INVESTMENTS, LLC RECORDED CONCURRENTLY HEREWITH**